IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CASEY JAMAR LEWIS,
ADC #167904                                                                                           PLAINTIFF

V.                              CASE NO. 1:18-CV-22-DPM-BD

STEPHEN WILLIAMS, et al.                                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. All objections must be received in the office of the United States District Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal.

**II.  Background:**

Plaintiff Casey Jamar Lewis, an inmate at the Arkansas Department of Correction ("ADC"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entries #1, #2) Mr. Lewis alleges he developed an infection after prison barbers used unsanitary clippers to cut his hair. (#2, p.14-15) He claims that Defendant Gillihan failed to properly supervise and train the barbers about keeping their instruments clean and that

Defendant Williams failed to take corrective action after he was alerted that the barbers were using contaminated clippers.[1] (#6)

Defendants Gillihan and Williams ("Defendants") have moved for summary judgment, contending that Mr. Lewis failed to exhaust his administrative remedies before filing this lawsuit. (#16) Mr. Lewis did not respond to the motion, and the time for responding has passed.

## III.    Exhaustion:

The Prison Litigation Reform Act requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

---

[1] All other claims and defendants have been dismissed. (#9)

2

**IV.   Analysis:**

Administrative Directive ("AD") 14-16 was in effect at the time the incidents relevant to this lawsuit occurred. (#16-1) The AD requires inmates to fully exhaust their administrative remedies as to all defendants before filing a § 1983 lawsuit. (#16-1, p.17-18) Inmates begin the grievance process by filing a unit-level grievance form within fifteen days of the incident or situation giving rise to the complaint. (#16-1, p.5) The unit-level grievance form must include a statement that "is specific as to the substance of the complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (#16-1, p. 5-6) This form is to be presented to a designated problem-solver or to any staff member holding the rank of sergeant or above. (#16-1, p.6) The staff member must sign and date the form. (#16-1, p.6) If the problem cannot be resolved at that level, the resolution attempt must be documented on the form, and the inmate may proceed to step two but he must do so within three days of receipt of the step-one response. (#16-1, p.7-8)

At step two, the inmate must explain why the informal resolution was unsuccessful. (#16-1, p.8) Upon receipt, the grievance officer transmits an acknowledgement or rejection within five working days. (#16-1, p.9) If the inmate receives a response from the warden that he is not satisfied with, he may filed an appeal within five working days to the chief deputy/deputy/assistant director. (#16-1, p.11) If an inmate has not received a response within twenty days, the inmate may move to the next

3

level of the process by appealing to the chief deputy/deputy/assistant director within five working days. (#16-1, p.10)

The chief deputy/deputy/assistant director must attempt to resolve the matter by responding in writing within thirty working days unless the appeal is rejected. (#16-1, p.11-12) A written decision or rejection of an appeal at this level is the end of the grievance process. (#16-1, p.12)

Mr. Lewis filed this lawsuit on March 29, 2018. According to the Declaration of Shelly Byers, the medical grievance coordinator at the ADC, and Terri Grisby, the inmate grievance supervisor at the ADC, Mr. Lewis did not fully exhaust any grievances prior to March 29 that relate to the barbering issues giving rise to this lawsuit. (#16-2, #16-3)

Mr. Lewis did file two medical grievances related to bad barbering, but apparently did not fully exhaust either. He filed grievance NC-18-153 on March 14, 2018. (#16-2, #16-4) But, he did not appeal the grievance to the deputy director after he received an unfavorable response from the health supervisor designee on April 7, 2018. (#16-2, #16-4) He filed grievance NC-18-154 on March 16, 2018. (#16-3, #16-5) But, he did not appeal to the deputy director after he received an unfavorable response from the Warden on April 16, 2018. (#16-3, #16-5)

As the record stands, there is no evidence to contradict the Defendants' evidence showing that Mr. Lewis did not fully exhaust any grievance related to the issue giving rise to this lawsuit. Thus, Defendants are entitled to summary judgment.

## V. Conclusion:

The Court recommends that the motion for summary judgment filed by Defendants Gillihan and Williams (#16) be GRANTED, based on Mr. Lewis's failure to exhaust his administrative remedies. The case should be dismissed without prejudice.

DATED, this 2nd day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE